**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 1:06cr245** |
| | ) | |
| **LALIT KUMAR OHRI and** | ) | |
| **GAURAV OHRI** | ) | |

## ORDER

At issue in this criminal copyright infringement prosecution is the relevancy of merchandise ordered by defendants and seized in a delivery truck that had arrived to deliver the merchandise at defendants' business premises while a search warrant was being executed on the premises. The sole question is one of relevancy under Rule 401, Fed. R. Evid., as other related issues have been resolved.

## I.

On November 15, 2003, law enforcement agents executed a search warrant at the premises of defendants' business, Sonya Handbags, located at 8538E Terminal Road, Lorton, Virginia. During the search, law enforcement agents interviewed the two defendants individually for approximately an hour and then interviewed the defendants jointly for approximately twenty minutes. During the individual interviews, defendant Lalit Ohri consented to a search of the business premises and later signed a waiver of rights and consent to search and defendant Gaurav Ohri consented to a search of his vehicle and later signed a waiver of rights and consent to search. Thereafter, both defendants signed a joint interview statement.

While conducting the search of the business premises, a tractor trailer truck arrived at the warehouse with a delivery of handbags. According to the shipping invoice, the handbags were

1

"Sold" to "Sonya, 1100 Penn Ave. . . . WA DC, 20004," shipped to "Sonya Leather, 8538 E. Terminal Rd., Lorton, VA 22079," and payment would be made "C.O.D.," that is, by cash on delivery.  When the shipment arrived at the premises of Sonya Handbags, and before the shipment was unloaded, law enforcement agents interviewed the driver of the Silver America truck, who consented to a search of the truck.  Thereafter, the government seized the truck and its contents, including boxes of handbags and other, similar merchandise.

On August 3, 2006, defendants were arraigned on an indictment charging them with one count of conspiracy to traffic in counterfeit goods and nine counts of trafficking in counterfeit goods.  A month later, on September 8, 2006, defendants moved to suppress the tangible evidence obtained and statements made during the November 15, 2003 search.  In essence, the defendants argued (i) that there was no probable cause to issue the search warrant; (ii) that defendants' consent to search was invalid as it was elicited after the search had commenced; and (iii) that defendants' statements were obtained during a custodial interrogation and without *Miranda* warnings.  Neither defendant moved to suppress the evidence seized from the Silver America truck.

On October 17, 2006, an evidentiary hearing was held on defendants' motions to suppress.  Both defendants appeared at the hearing, by counsel.  In opposition to defendants' motions to suppress, the government presented the testimony of law enforcement agents Bruce Benevento and Raymond Marchetta.  Defendants elected not to testify or present witnesses. Following the presentation of evidence and oral argument, the Court concluded (i) that the search warrant was valid; (ii) that the oral consent to search was obtained contemporaneously with the search; and (iii) that defendants' statements were not obtained during a custodial interrogation.

2

With respect to defendants' statements, the Court further found that neither defendant was placed under arrest or in custody, as both were told they could stop the interviews at any time and both were free to leave.  In short, neither defendant was subject to a custodial interrogation, and thus, *Miranda* warnings were not required.  During the course of the hearing, the Court specifically noted that "[t]he issue of the boxes in the truck is not decided . . . [because] the boxes are not, at the moment, part of [defendants'] timely motion to suppress."  Nevertheless, on November 30, 2006, because the defendants were arraigned on a Superseding Indictment charging additional counts of trafficking in counterfeit goods, defendants were given leave to file a motion in limine to exclude the merchandise seized on the Silver America truck.

Thus, on December 8, 2006, defendants filed a joint motion to exclude evidence seized from the Silver America Transport truck.  In particular, the defendants seek to exclude this seized evidence, arguing that it is irrelevant to the charges of conspiracy to traffic in counterfeit goods and trafficking in counterfeit goods, under 18 U.S.C. § 2320, because defendants never "obtained" control of the allegedly counterfeit goods.[1]  Then, on December 27, 2006, defendants

---

[1]It is worth noting that defendants' joint motion does not seek to exclude the evidence on the ground that it was obtained pursuant to a warrantless search, in violation of the Fourth Amendment. Although it is unnecessary to decide the issue, it appears that such an argument would be meritless. As defendants concede, "[t]he goods were clearly in the possession of the driver . . . and were never in the defendants' possession."  Moreover, defendants argue that "[t]he government proffers no evidence that this shipment of goods on the truck were purchased by the defendants.  In fact, no payment was ever made for these goods by Sonya's Handbags or the Ohris."  Where, as here, defendants claim neither an ownership nor a possessory interest in the goods seized and it appears defendants had no expectation of privacy in the area searched, i.e. the truck, they have no standing to challenge the search.  *See Unites States v. Manbeck*, 744 F.2d 360, 373-74 (4th Cir. 1984) (finding no standing to object to the search of a tractor-trailer where defendants did not have an interest in the area searched, i.e. the truck, despite an interest in the items found); *United States v. Salvucci*, 448 U.S. 83, 91-93 (1980) (stating that "[t]he privacy interest that must be established to support standing is an interest in the area searched, not an interest in the items found").

were arraigned on a Second Superseding Indictment charging defendants with one count of conspiracy to traffic in counterfeit goods, six counts of intentionally trafficking in counterfeit goods, and nine counts of intentionally trafficking and *attempting* to traffic in counterfeit goods. As both parties have fully briefed the issue, it is now ripe for disposition.  For the reasons that follow, defendants' joint motion fails under Rule 401, Fed. R. Evid.

## II.

Rule 401, Fed. R. Evid., provides that evidence is relevant if it has "*any tendency* to make the existence of *any fact* that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  By any measure, relevance presents "a low barrier to admissibility."  *Untied States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003).  In this case, then, the seized evidence is admissible only if relevant to the offense charged, namely 18 U.S.C. § 2320.  In other words, the evidence must have a tendency to establish one or more of the elements of the charged offense, namely (1) that the defendants trafficked in, meaning they "transport[ed], transfer[red], or otherwise dispose[d] of . . . or [made] or obtain[ed] control of with intent to so transport, transfer, or dispose of . . .", or attempted to traffic in counterfeit handbags; (2) that such trafficking was intentional; (3) that defendants used a counterfeit mark on or in connection with such goods; and (4) that defendants knew that the mark used was counterfeit.  *See United States v. Habegger*, 370 F.3d 441, 444 (4th Cir. 2004).  Accordingly, any evidence tending to show that the defendants trafficked in counterfeit goods, that is, transported, transferred, or obtained control of such goods, or *attempted* to do so, is relevant.

The seized evidence easily meets this relevancy standard, as it has a tendency to show

4

that the defendants attempted to traffic in counterfeit goods[2] by ordering allegedly counterfeit merchandise with the intent to "obtain control" of and later transport, transfer or otherwise dispose of it.  Indeed, defendants' joint reply to the government's opposition, which was filed after the government stated its intention to seek a Second Superseding Indictment charging defendants with "attempting to traffic" in counterfeit goods, appears to concede that the seized evidence is relevant to a charge of "attempt to traffic" in counterfeit goods.  Thus, while defendants initially argued that evidence seized from the Silver America truck was irrelevant as the defendants had not "trafficked" in counterfeit goods because they never "obtained control" of the seized evidence, the defendants' joint reply concedes the relevance of the seized evidence to the "attempt to traffic" charge in the Second Superseding Indictment, but argue instead that the government should nevertheless be precluded from introducing evidence of 61 boxes of merchandise that were not invoiced to Sonya Handbags.[3]

Given that the seized evidence, less the 61 boxes, is plainly relevant under Rule 401, this evidence is not excludable on the basis argued by defendants.  With respect to the 61 boxes of merchandise that defendants contend were not invoiced to Sonya Handbags, the government will have to demonstrate at trial some nexus between these boxes and the defendants.  Failure to do so will result in exclusion of these boxes as irrelevant.  Accordingly, any challenge to the 61 boxes may be raised if and when the government offers this evidence at trial, at which time a ruling will

---

[2]To be sure, the government must also prove, as a predicate of admission, that the goods seized from the truck were counterfeit.

[3]Given the Second Superseding Indictment's addition of nine counts of "attempting to traffic" in counterfeit goods, it is unnecessary to reach the question originally presented by defendant, namely, whether the merchandise seized is relevant to trafficking where defendants contend they never obtained or possessed control of the merchandise.

be made as to its admissibility.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that defendants' joint motion to suppress is **DENIED**, except that the ruling with respect to the 61 boxes of merchandise allegedly not invoiced to Sonya Handbags is **DEFERRED** until trial.

The Clerk is directed to send a copy of this Order to all counsel of record.


_____/s/_____
T. S. Ellis, III
United States District Judge

Alexandria, Virginia
January 16, 2007

6